United States District Court

Eastern District of California

Philip Grant Dehaas,

     Plaintiff,                    No. Civ. S 05-0578 MCE PAN P

  vs.                            Order

State of California, et al.,

     Defendants.

-oOo-

    Plaintiff is a state prisoner without counsel prosecuting a civil rights action. He seeks leave to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

    Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $250 filing fee required by 28 U.S.C. § 1914(a). Plaintiff must make monthly payments of 20 percent of the preceding month's

income credited to his trust fund account.  28 U.S.C. § 1915(b)(2).  The agency having custody of plaintiff shall forward payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fee is paid.

I have reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and find it does not state a cognizable claim against any defendant.  The complaint is dismissed with leave to amend.

Any amended complaint must show the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim

based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.  <u>McHenry v. Renne</u>, 84 F.3d 1172 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see <u>Crawford-El v. Britton</u>, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

A district court must construe pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them.  <u>Noll v. Carlson</u>, 809 F.2d 1446 (9th

Cir. 1986).

To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant deprived plaintiff of a right secured to him by the Constitution or laws of the United States while acting under color of state law. West v. Atkins, 487 U.S. 42, 48-49 (1988).

It is sufficient, for example, for a prisoner who claims the conditions of his imprisonment violate the Eighth Amendment prohibition against cruel and unusual punishment to allege that an identified state actor denied to plaintiff some specifically identified basic human need such as food, clothing, shelter, medical care or safety, knowing that plaintiff thereby faced a substantial risk of serious harm and disregarded that risk by failing to take or cause to be taken reasonable measures to abate the risk that were within his or her power. See Farmer v. Brennan, 511 U.S. 825 (1994); Helling v. McKinney, 509 U.S. 25 (1993). (On the other hand, harsh and uncomfortable conditions are expected; convicted prisoners are entitled only to the minimal civilized measure of life's necessities and even inhumane conditions, that is risks so grave even to convicted felons that they are repugnant to those who have consigned the plaintiff to prison, do not amount to punishment if the state actor is powerless to change them or does not know of them.)

The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. McHenry, supra. A long, rambling pleading, including many defendants with

unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is admonished that by signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.  Prison rules require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison authorities for violation of the court's rules and orders.  See 15 Cal. Admin. Code § 3005.

Title 42 of the United States Code § 1997e(a) provides a prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  The requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001). Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his

action.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250 for this action. The fee shall be collected in accordance with the notice to the Director of the California Department of Corrections filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 45 days. Failure to file an amended complaint will result in a recommendation this action be dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

So ordered.

Dated: June 2, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge